UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                            Case Nos. 14-20565, 18-11505

MARKIESE KING,                             HON. AVERN COHN

    Defendant/Petitioner.
_____/

## MEMORANDUM AND ORDER
## DENYING MOTION UNDER 28 U.S.C. § 2255 (Doc. 75)
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I. Introduction

This is a criminal case. Defendant/Petitioner, Markiese King, has filed, through counsel, a motion vacate his sentence under 28 U.S.C. § 2255 essentially contending that Hobbs Act robbery does not qualify as a predicate "crime of violence" to support a conviction under 18 U.S.C. § 924(c) after the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The government contends that King's motion is untimely, procedurally defaulted and lacks merit. For the reasons that follow, the motion will be denied for lack of merit.[1]

---

[1] A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing," at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, a court may deny a motion under section 2255 "without conducting an evidentiary hearing [where] 'the motion and the files and records of the case conclusively show that [the petitioner] is entitled to no relief.' " Cole v. United States, No. 17-6061, 2018 WL 4372199, at *2 (6th Cir. Mar. 30, 2018) (quoting 28 U.S.C. § 2255(b) ). Because the record shows that King is not entitled to relief, a hearing is not necessary.

II. Background

In January 2014, King led a string of armed robberies at auto parts stores. The robberies followed a simple pattern: two individuals entered a store with their faces covered, with at least one armed with a semiautomatic handgun, and demanded the cash in the registers. At times, the robbers forced the employees to the back of the store to obtain money from a safe as well. In one instance, King stole a handgun from a store employee. The men hit locations in Ferndale, Detroit, Royal Oak, and Warren before King was caught.

A grand jury indicted King for six robberies. See Doc. 1, Indictment. The charges included six counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and six counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), for the following robberies: O'Reilly Auto Parts Warren 1/25/2014, O'Reilly Auto Parts Ferndale 1/27/14, O'Reilly Auto Parts Detroit 1/27/14, Autozone Detroit 1/27/14, Citi Trends Detroit 1/27/14, Autozone Royal Oak 1/28/14.

King pleaded guilty to two of the robberies—the robbery of an O'Reilly Auto Parts store in Warren on 1/25/2014 and the robbery of an O'Reilly Auto Parts store in Detroit on 1/27/2014. See Doc. 40, Plea Agreement. In exchange, the government agreed to dismiss the remaining eight counts.

The Court sentenced King to 180 months in prison. See Doc. 48: Judgment. King did not appeal. Nearly two years later, the Court reduced his sentence to 150 months under Rule 35(b). See Doc. 74, Amended Judgment. Ten months after the amended judgment, King filed the instant motion under § 2255.

III.  Legal Standard

28 U.S.C. § 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a).  To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, Frady, 456 U.S. at 166.  Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)).  Accordingly,

alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

IV. Analysis

A. Timeliness/Procedural Default

The government first argues that King's claim is untimely and procedurally defaulted because he did not raise it on direct appeal. Motions to vacate sentences are required to be filed within one year from the latest of:

(1) The date on which the judgment of conviction becomes final;
(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such a government action;
(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) The date on which the facts supporting the claim or claims presented could have not been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) good "cause" excusing his procedural default and "actual prejudice" resulting from the error of which he complains, or (2) "actual innocence." Johnson v. Lee, 136 S. Ct. 1802, 1805 (2016); Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167–68

Putting aside the government's well taken arguments as to timeliness and default, the Court is not required to address issues relating to the sufficiency of the

4

pleadings or procedural hurdles before evaluating the merits of the claims. See Johnson v. United States, 735 F. App'x 1007, 1010 (11th Cir. 2018) ("The government contends [that the petitioner] procedurally defaulted on his Johnson claim because he failed to raise it in his direct appeal. We decline to address the procedural default issue because his Johnson claim loses on the merits in any case.").

B. The Merits

King moves to vacate his sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S.Ct. 1204 (2018). Johnson held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. In Dimaya, the Supreme Court applied the reasoning of Johnson to the Immigration and Nationality Act and invalidated the residual clause in 18 U.S.C. § 16(b).

Section 924(c) makes it illegal to use a firearm during and in relation to a "crime of violence." It defines what qualifies as a "crime of violence" in two ways:

[A]n offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (c)(3)(A), called the elements clause, looks to the elements of the offense and whether the elements involve the use, attempted use, or threatened use of force capable of causing bodily harm. Subsection (c)(3)(B) is called the residual clause and looks to the risk of force posed by the offense. An offense need

5

only satisfy the elements clause or the residual clause to qualify as a predicate crime of violence.

Here, the predicate offense is Hobbs Act robbery. The Hobbs Act, 18 U.S.C. § 1951, prohibits interference with interstate commerce by robbery or extortion. King's claim must fail if the offense, Hobbs Act robbery, is a crime of violence. Whether a crime is a "crime of violence" is determined by "looking to the statutory definition of the crime, rather than to the evidence presented to prove it." United States v. Taylor, 176 F.3d 331, 337 (6th Cir. 1999). Under the Hobbs Act, robbery is defined as

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Multiple courts have held that "Hobbs Act robbery qualifies as a crime of violence under the force clause of section 924(c)(3)(A), not the residual clause." See e.g., Washington v. United States, No. 11-20483, 2016 WL 4089133, at *1 (E.D. Mich. Aug. 2, 2016); Byrd v. United States, 1:16-cv-186, 2016 WL 4009884, at *2 (E.D. Tenn. July 25, 2016) (noting that even if Johnson's reasoning invalidated § 924(c)'s residual clause, Hobbs Act robbery would remain a crime of violence under the force clause of § 924(c)). The Sixth Circuit joined a number of other circuits with its decision in United States v. Gooch, 850 F.3d 285 (6th Cir. 2017), when it found that "Hobbs Act robbery constitutes a crime of violence." Id. at 292. Thus, because Hobbs Act robbery is a crime of violence, King's conviction under the force clause of § 924(c) is valid and

unaffected by Johnson or Dimaya. See In re Gordon, No. 18-3449, 2018 WL 3954189, at *1 (6th Cir. Aug. 14, 2018) ("Even if the Supreme Court had announced that Dimaya applies to § 924(c)(3)(B), that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under § 924(c)(3)(A) as offenses having 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.' ") (citing United States v. Gooch, 850 F.3d 285, 291-92 (6th Cir.), cert. denied, 137 S. Ct. 2230 (2017) ). See also Fenderson v. United States, No. 13-20316, 2018 WL 4619902, at *3 (E.D. Mich. Sept. 26, 2018). Moreover, there is no question that King's conduct involved a substantial risk that physical force would be used against the employees and that any resistance would be met with force. Thus, his conviction under § 924(c) based on a Hobbs Act robbery is valid under the force clause of § 924(c)(3)(A).

Moreover, even if subpart B, the residual clause, were relied upon to establish that Hobbs Act robbery is a crime of violence, King cannot prevail. In United States v. Taylor, the Sixth Circuit held that § 924(c)'s residual clause "is considerably narrower than the statute invalidated by the Court in Johnson ...." and is not unconstitutionally vague. 814 F.3d 340, 375 (6th Cir. 2016). Although the language in § 924(c)(3)(B) is virtually identical to that of 18 U.S.C. § 16(b), which the Supreme Court held in Dimaya to be void for vagueness, the Sixth Circuit recently confirmed post-Dimaya that Hobbs Act robbery continues to be a predicate "crime of violence" in this circuit for a conviction under either clause of § 924(c). United States v. Richardson, 906 F.3d 417, 425 (6th Cir. Oct. 11, 2018). Although in Richardson, the Sixth Circuit noted that the holding in Taylor "stands on uncertain ground" after Dimaya, it remains binding. See also Moody

7

v. United States, No. 3:17-CV-00611, 2018 WL 6591425, at *15 (M.D. Tenn. Dec. 13, 2018).

V. Conclusion

For the reasons stated above, the motion is DENIED. Further, jurists of reason would not find the Court's ruling debatable. Accordingly, the Court DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(1)(a).[2]  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 3/6/2019
    Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.